No. 25,125.

A. F. BUSER, *Appellant* v. ALLEN EVERLY, *Appellee.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Contemporaneous Written Agreement—Oral Evidence to
Vary Terms of Written Agreement Incompetent.* At the time a promissory
note was executed and as a part of the same transaction, the parties thereto
signed a written contract which showed a consideration for the note. The
payee indorsed it to a bank. After the note was transferred to the bank,
it was renewed by the maker and the payee in the first note indorsed the
renewal note. He was obliged to pay the note, which was then indorsed to
him; and after paying it, he commenced an action against the maker to re-
cover thereon. The maker pleaded that there was no consideration for
the note and that the contract did not correctly recite the transaction which
had taken place between the parties. No fraud, accident, or mistake in
the contract, or in the original note, or in the renewal of it, was pleaded
or shown by the evidence. *Held,* that oral evidence introduced to vary the
terms of the written contract was erroneously admitted, and that an in-
struction based on the theory that such evidence was admissible was im-
proper.

Buser v. Everly.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed March 8, 1924. Reversed.

J. A. Brubacher, W. D. Jochems, and J. Wirth Sargent, all of Wichita, for the appellant.

Robert C. Foulston, A. M. Ebright, George Siefkin, and Sidney L. Foulston, all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover on a promissory note. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The note and the indorsements thereon were as follows:

"7261.33.                              WICHITA, KANSAS, Dec. 31, 1919.

Four months after date for value received, I, we or either of us promise to pay to the order of the Sunflower State Bank, Wichita, Kansas, Seventy-two hundred Sixty One, ³³⁄₁₀₀ Dollars with interest from date at the rate of 7 per cent per annum. All signers and endorsers of this note, either as principal or surety, waive demand, protest, notice of protest and non-payment.

No. 1364. Due April 30, 1920.

P. O. Corner Hillside & 2nd.

303 N. Hillside.                    (Signed)      ALLEN EVERLEY.

"Endorsed A. F. Buser—Pay A. F. Buser or order without recourse The Sunflower State Bank, Wichita, Kansas. By Peter P. Stein, Cashier."

The note sued on was a renewal note, the original of which had been given to the plaintiff for $7,200 and was by him indorsed to the Sunflower State Bank, the payee of the renewal note. At the time the first note was executed, and as a part of the transaction in which it was given, a written contract was signed by the plaintiff and the defendant, as follows:

"WICHITA, KANSAS, October 10, 1917.

"MEMORANDUM OF AGREEMENT.

"This agreement, made and entered into this 10th day of October, 1917, by and between A. F. Buser and Allen Everley, both of Wichita, Kansas, Witnesseth:

"Said Allen Everley has this day borrowed of A. F. Buser, $7,200.00 for which he has given his personal note and has caused to be assigned to him a lease on the East ½ of the SE¼ and the SW¼ of the SE¼ of Section 16-25-4E, Butler County, Kansas, on the following conditions: Said A. F. Buser in addition to the note given is to hold the said lease and assign 100 acres to Allen Everley or anyone designated by him within 90 days of the date of this agreement, and 20 acres, the remainder of this lease is to be kept by A. F. Buser as remuneration for furnishing money to purchase above described lease.

"In Witness Whereof, We have hereunto set our hands the day and year first above written.                    (Signed)      ALLEN EVERLEY.
                                                           A. F. BUSER."

The plaintiff, the payee and indorser of the first note and indorser of the renewal note, was compelled to pay the latter note. It was then indorsed to him, and he commenced this action to recover thereon.

The answer of the defendant contained the following:

"Defendant admits the residence of the parties as set forth in plaintiff's petition, and that the defendant signed an instrument substantially as set forth in plaintiff's petition, and that the plaintiff is the owner and holder of said instrument.

"*Second.* Defendant further states and avers that the signing of said instrument was without any consideration whatsoever, and that the defendant is not, nor has he at any time been obligated to pay said note or any part thereof, nor is there now or ever has been any obligation on the part of the defendant by reason of the execution of said instrument, in this, to-wit: At the time of the execution of said note it was mutually agreed between the said plaintiff and defendant at the time of the signing of said instrument that the same was signed for the accommodation of the plaintiff, in that said plaintiff stated to this defendant that he was borrowing heavily at his. bank and did not wish it to appear that he was engaged in speculation in oil leases, and that if he the said defendant would sign said note and a contract in order to make it appear to said bank and the persons with whom said plaintiff was engaged in business, that the purchase of said lease was being made by said defendant, it would not impair plaintiff's credit nor cause criticism to be made of said plaintiff by his business associates. That all of said statements and inducements for the signing of said note were oral, and were acceded to and said note and contract signed by said defendant at the instance of said plaintiff, and that said note would never be presented for payment, and that the said defendant was not obligated to pay the same, and that same would not be indorsed, transferred, nor assigned, nor presented for payment; and that at the time of the execution of said instrument it was mutually understood between the parties that there was no consideration whatsoever for the execution of said note."

The contract was introduced in evidence. Oral evidence was introduced to prove the allegations of the answer. That evidence necessarily contradicted the terms of the note and of the written contract. The court in substance instructed the jury that if it believed that evidence, it should return a verdict in favor of the defendant. The evidence was objected to. A request that the jury be instructed to return a verdict in favor of the plaintiff was made and refused. Motion for a new trial was filed in which it was alleged that erroneous instructions had been given; that motion was denied. Motion to enter judgment in favor of the plaintiff, notwithstanding the verdict, was also denied. The questions are: Was that evidence competent, and were the instructions correct?

Buser v. Everly.

The defendant argues that the transaction between him and the plaintiff was a sham. The difficulty with that argument is that there was a real live transaction between the plaintiff and the defendant and a third party by the name of McClintock, by which either the plaintiff or the defendant purchased from McClintock a gas and oil lease for the sum of $7,200. That was not a sham transaction. It was a real one.

The defendant contends that as between the parties thereto it can always be shown that a note was given without consideration. That is the correct rule. Was there a consideration for the note? According to the defendant's pleading and evidence, out of the transaction between the plaintiff and the defendant, the latter obtained an absolute interest in twenty acres out of the one hundred and twenty acres covered by the lease. The defendant contends that this was his commission for negotiating the sale to the plaintiff. Be that as it may, according to the evidence of the defendant, he obtained that interest in the lease when he gave the note to the plaintiff and signed the contract with him. For that reason, it cannot be said that the note was wholly without consideration, although the consideration may have been inadequate. There was not even a partial failure of the consideration.

We have an actual business transaction by which an oil and gas lease was purchased, and in which a note was given. Was evidence admissible to vary the terms of the contract entered into between the plaintiff and the defendant at the time the first note was signed? The general rule is that the evidence was not admissible. The principal exceptions are that such evidence is admissible to show fraud, accident, or mistake. Neither the plaintiff nor the defendant, according to the latter's pleadings and evidence, practiced any fraud on the other; each knew all about the transaction and voluntarily entered into it. Neither was there any accident or mistake in the transaction. What was done, was done knowingly, deliberately, and intentionally. It follows that oral evidence to vary the terms of the contract was inadmissible and that the instructions of the court were erroneous.

The judgment is reversed, and judgment is entered in favor of the plaintiff.